UNITED STATES WILLOW FURNITURE CO. ET AL. *v.* UNITED STATES (No. 2475) UNITED STATES *v.* LONG BEACH WILLOW FURNITURE CO. ET AL. (No. 2476)[1]

1. CONSTRUCTION, PARAGRAPH 407, TARIFF ACT OF 1922—"FURNITURE MADE WITH FRAMES"—SURPLUSAGE TO BE AVOIDED.

So far as the common meaning is concerned the word frame, in the provision of paragraph 407, Tariff Act of 1922, for "furniture made with frames" means the skeleton framework of the furniture, to, around, or upon which are applied and placed the materials which make the finished furniture. To hold that furniture meets the provision if, when completed, it presents a framed appearance, would make the provision surplusage, since, then, the provision of the paragraph for furniture wholly or in part of wood, etc., would, alone, express the congressional intention. If, after the removal of the covering material of rattan, willow, or whatever it may be, a frame would remain which would show the skeleton of the furniture, the call of the provision is answered; otherwise, not.

2. WILLOW CHAIRS WITHOUT FRAMES—"HOUSE * * * FURNITURE," PARAGRAPH 410, TARIFF ACT OF 1922—RELATIVE SPECIFICITY.

Willow chairs, of a style and size often seen in dwelling houses, or, more generally, perhaps, on the porches or piazzas of such houses, are "house * * * furniture," under paragraph 410, Tariff Act of 1922, and more specifically than "articles not specially provided for, wholly or partly manufactured of * * * willow," under paragraph 407.

United States Court of Customs Appeals, May 11, 1925

APPEALS from Board of United States General Appraisers, G. A. 8832 (T. D. 40310)

[Reversed.]

*William W. Hoppin*, Assistant Attorney General (*Samuel M. Richardson* and *Charles D. Lawrence*, special attorneys, of counsel), for the United States.
*Allan R. Brown* contra.

[Oral argument April 21, 1925, by Mr. Richardson and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BARBER, Judge, delivered the opinion of the court:

These two cases are appeals by both the importers and the Government from the judgment of the Board of General Appraisers relating to the same importations.

---

[1] T. D. 40938.

The pertinent parts of paragraphs 407 and 410 of the Tariff Act of 1922 necessary of consideration to determine the issues here are as follows:

PAR. 407. * * * Furniture made with frames wholly or in part of wood, rattan, reed, bamboo, osier or willow, or malacca, and covered wholly or in part with rattan, reed, grass, osier or willow, or fiber of any kind, 60 per centum ad valorem; * * * all articles not specially provided for, wholly or partly manufactured of rattan, bamboo, osier or willow, 45 per centum ad valorem.

PAR. 410. * * * house or cabinet furniture wholly or in chief value of wood, wholly or partly finished, * * * and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

The merchandise, willow chairs, was classified and assessed by the collector at 60 per centum ad valorem under the first quoted part of paragraph 407.

The Board of General Appraisers held it should have been assessed under the latter part of the same paragraph at 45 per centum ad valorem.

Importers contend for classification under paragraph 410.

The Government concedes, if this paragraph is applicable, that the term "house or cabinet furniture" used therein is more specific than the latter part of paragraph 407, but claims that the first provision in paragraph 407 for furniture made with frames, etc., is applicable and more specific.

These chairs are practically composed of willow and some parts thereof are covered therewith, so that the important question standing for determination is whether they are "made with frames." The Board of General Appraisers upon careful consideration of the evidence, which we find it is not necessary to recite, found that the chairs were not made with frames.

It would seem that the expression, "made with frames," might have a particular meaning in the furniture or chair manufacturing business. The only testimony we find in the record on that particular phase of the question was given by a witness for one of the importers. He said in answer to the question, "Each chair has a frame, hasn't it?"

No, sir; there is—that is, literally—that is, from a manufacturer's standpoint there is no frame at all on the chair.

The word "frame" is defined in Webster's New International Dictionary as follows:

Anything composed of parts fitted and united together; a fabric; a structure; esp., the constructional system, whether of timber or metal, that gives to a building, vessel, etc., its model and strength; the skeleton of a structure.

The Standard Dictionary defines it as:

The supporting and formative parts of a structure, put together so as to sustain and give shape to the whole; as the frame of a building, vessel, or machine; also, any skeleton-like structure designed to give support to things in or about it.

So far as the common meaning is concerned, we think the word "frame" as applied to chairs, means the skeleton framework thereof, to, around, or upon which are applied and placed the materials which make the finished chair.

To hold as the Government in effect contends, that when completed the chairs in this case present a framed appearance, and so are *made with frames,* would result that every chair, regardless of its construction, would be made with a frame. If this is so, the use of the term "made with frames" in the paragraph was wholly unnecessary and the expression "furniture wholly or in part of wood, etc.," would have accomplished the purpose contemplated by Congress if it were that claimed by the Government.

There is before us an illustrative exhibit showing a chair that is made with a frame. If all the covering material of rattan, willow, or whatever it may be, were removed therefrom, a frame would remain which would show the skeleton of a chair. If like treatment were applied to the typical exhibit of the imported chairs, no frame would remain.

We think the testimony amply supports the finding of the board that these chairs are not made with frames within the meaning of paragraph 407.

There remains to consider whether the merchandise is more specifically provided for in paragraph 410 as house or cabinet furniture than as articles not specially provided for, wholly or partly manufactured of willow, in paragraph 407.

On this point the Government for the first time, so far as this case is concerned, orally suggests that the term "house or cabinet furniture" does not cover such chairs as these here.

It appears from the evidence that chairs of the same style and size have been known in the business for some 18 years. The typical exhibit shows them to be of a style and size often seen in dwelling houses or (and more generally perhaps) on the porches or piazzas of such houses. There is nothing in the record to suggest that they are not within the term, house furniture, and unless and until it is made to appear otherwise, we are of opinion that they are entitled to that classification.

It may be noted that the appeal as to protest 982474–14248 was dismissed in this court January 16, 1925. This protest had theretofore been overruled by the Board of General Appraisers.

As to all the other protests we hold that the merchandise covered thereby should have been classified under paragraph 410 as house furniture wholly or in chief value of wood, and assessed at 33⅓ per centum ad valorem.

The judgment of the Board of General Appraisers is, therefore, *reversed.*