UNITED STATES *v.* BASKET IMPORTING CO. ET AL. (No. 2882)[1]

[1] T. D. 42220.

United States Court of Customs Appeals, May 19, 1927

*Charles D. Lawrence*, Assistant Attorney General (*Fred J. Carter* and *Ralph Folks*, special attorneys, of counsel), for the United States.
*Allan R. Brown* for appellees.

[Oral argument May 11, 1927, by Mr. Carter and Mr. Brown]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

BLAND, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of Bar Harbor chairs of willow, identical with those which were the subject of appeal in *United States Willow Furniture Co. et al.* v. *United States*, 13 Ct. Cust. Appls. 90, and, as we understand it, the same exhibits represent the merchandise in this case as represented the importation in the *Willow Furniture Co.* case, *supra*.

The question here involved is, is the merchandise dutiable as assessed by the collector as furniture made with frames wholly or in part of willow, and covered wholly or in part with willow, at 60 per centum ad valorem under paragraph 407 of the Tariff Act of 1922, or as house furniture wholly or in chief value of wood, at 33⅓ per centum ad valorem under paragraph 410 of the same act? The pertinent portions of the two paragraphs are as follows:

PAR. 407. * * * Furniture made with frames wholly or in part of wood, rattan, * * * willow * * *, and covered wholly or in part with rattan * * * willow, or fiber of any kind, 60 per centum ad valorem; * * *

PAR. 410. * * * house or cabinet furniture wholly or in chief value of wood, wholly or partly finished, * * * and manufactures of wood or bark, or of which wood or bark is the component material of chief value, not specially provided for, 33⅓ per centum ad valorem.

Before this court it is admitted on the part of the Government that this is virtually a rehearing of the same issues involved in the *Willow Furniture Co.* case, *supra*, and we are asked to hold contrary to our former holding because of the fact that the Government, in the case at bar claims it has proved, by the testimony of nine witnesses, that the chairs in controversy are "made with frames" of wood or willow, and are partly covered with willow.

Little, if anything, of advantage could be said in this opinion not already said in the well-written opinion by Justice McClelland in the

court below. Some questions are presented here, however, which were apparently not pressed before the Customs Court.

The testimony of the Government's witnesses is not uniform as to what the witnesses regard as "the frame" of the chair. Some of them insist that the frame consists of the several pieces of willow bent in the shape of a chair bottom before the interlaced willows are woven into it. One or more of the witnesses think that the large willow piece surrounding most of the outside of the chair seat is the frame, while others maintain that the frame not only consists of that portion of the chair bottom or the seat above described, but also includes certain wood dowels woven into an upright position to give the chair strength and take the place of legs. Some witnesses seem to think that the braces extending diagonally across from leg to leg also constitute a part of the frame. It is conceded that the braces were put in after the chair had been woven. One or more of the witnesses testified that certain portions of the chair bottom or seat were made and sold, separately, as seat frames and that they were regarded as frames for chairs.

In the *Willow Furniture* case, *supra*, this court held as follows:

It would seem that the expression "made with frames" might have a particular meaning in the furniture or chair manufacturing business. The only testimony we find in the record on that particular phase of the question was given by a witness for one of the importers. He said in answer to the question, "Each chair has a frame, hasn't it?"—

No, sir; there is—that is, literally—that is, from a manufacturer's standpoint there is no frame at all on the chair.

The word "frame" is defined in Webster's New International Dictionary as follows:

Anything composed of parts fitted and united together; a fabric; a structure; esp., the constructional system, whether of timber or metal, that gives to a building, vessel, etc., its model and strength; the skeleton of a structure.

The Standard Dictionary defines it as—

The supporting and formative parts of a structure, put together so as to sustain and give shape to the whole; as the frame of a building, vessel, or machine; also, any skeleton-like structure designed to give support to things in or about it.

So far as the common meaning is concerned, we think the word "frame" as applied to chairs, means the skeleton framework thereof, to, around, or upon which are applied and placed the materials which make the finished chair.

To hold as the Government in effect contends, that when completed the chairs in this case present a framed appearance, and so are *made with frames*, would result that every chair, regardless of its construction, would be made with a frame. If this is so, the use of the term "made with frames" in the paragraph was wholly unnecessary and the expression "furniture wholly or in part of wood, etc.," would have accomplished the purpose contemplated by Congress if it were that claimed by the Government.

There is before us an illustrative exhibit showing a chair that is made with a frame. If all the covering material of rattan, willow, or whatever it may be, were removed therefrom, a frame would remain which would show the skeleton of a chair. If like treatment were applied to the typical exhibit of the imported chairs, no frame would remain.

We think the testimony amply supports the finding of the board that these chairs are not made with frames within the meaning of paragraph 407.

There this court held that, in the common understanding, the chairs in controversy were not "made with frames."

We take it that the testimony, offered by the Government below, was offered, and was, by the court, admitted for the purpose of informing the court as to the common meaning of the words "made with frames." The meaning of the word "frame" is within the common understanding. Courts may receive proof of its meaning, and, having heard it, may reject it. If the proof offered was of such character as to be convincing that the common meaning of the word "frame" was in accordance with the Government's contention, no good reason has been pointed out why the lower court, and this court, should not reverse their former holdings. But the evidence evidently failed to so convince the court below and it certainly has failed to convince us.

There is no satisfactory testimony in the record offered for the purpose of showing that, in commerce and trade on or prior to the passage of the tariff act, as applied to chairs, the words "made with frames" had a meaning different from the common meaning of the words, and that the merchandise at bar was within such trade meaning "made with frames."

Among the exhibits in the case, which are now before us, are certain chairs which are concededly made with frames—one where a distinct frame of wood is first made and then covered with reed; the other consists of a completed frame of wood upon which is superimposed willow, of the same character as the willow used in making the chairs in controversy.

The record shows that some of the witnesses who testified before the court below represented willow manufacturing concerns in this country, who, no doubt, were interested in seeing that importations like the one at bar are assessed with a 60 per centum duty, and who manufacture chairs similar to the ones in controversy and also manufacture chairs like the illustrative exhibits before us, which are concededly made with frames.

The legislative history cited by the Government to the effect that certain representations were made to Congress by American manufacturers concerning the inclusion of the word "willow" in paragraph 407 is not convincing that Congress intended the inclusion within the paragraph of the merchandise at bar. The completed result of the legislation was made to include any willow chairs which are "made with frames" and which otherwise meet the requirements of the paragraph, such as the illustrative exhibits before us, which admittedly are made with frames.

This court in construing provisions of the tariff act of 1922 keeps constantly in mind that it was the intention of the Congress that enacted the measure "to encourage the industries of the United States," and where the language used is so uncertain or ambiguous as to call for construction, the protective feature of the legislation is not overlooked and, in a proper case, is given due consideration. In this case, to give the language used the effect urged by the Government, we think, would be legislation rather than proper interpretation, and agreeable to the conclusion reached by the court below, we decline to supply by construction what Congress obviously omitted to expressly do.

As was said in the *Willow Furniture Co.* case, *supra*, it remains for us to determine whether the merchandise should fall within paragraph 410 at 33⅓ per centum as house or cabinet furniture, or as articles not specially provided for, wholly or partly manufactured of willow, in paragraph 407 at 45 per centum.

In the *Willow Furniture* case, *supra*, the court said that the Government orally suggested that the term "house and cabinet furniture does not cover such chairs as these here." The court further said:

It appears from the evidence that chairs of the same style and size have been known in the business for some 18 years. The typical exhibit shows them to be of a style and size often seen in dwelling houses or (and more generally perhaps) on the porches or piazzas of such houses. There is nothing in the record to suggest that they are not within the term, house furniture, and unless and until it is made to appear otherwise, we are of opinion that they are entitled to that classification.

There is nothing in the record of this case to suggest that the chairs are not house furniture, and the classification as such, sanctioned by the *Willow Furniture* case, *supra*, will not be disturbed on the present record.

The judgment of the United States Customs Court is *affirmed*.